YENTZER (FULLER v.). See Case No. 5,-151.

---

## Case No. 18,136.

### YEOMANS v. GIRARD FIRE & MARINE INS. CO.

[5 Ins. Law J. 858.] [1]

Circuit Court, D. New Jersey. Nov., 1876.

ARBITRATION CLAUSE—INSURANCE POLICY—RIGHT TO SUE.

1. The policy provided that, in case of differences arising touching any loss or damage, the matter may, at the written request of either party, be submitted to impartial arbitrators, whose award in writing should be binding on the parties to the amount of such loss or damage, "but shall not decide the liability of the company under this policy;" also, "it is furthermore hereby provided and mutually agreed that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery, until an award shall have been obtained fixing the amount of such claim in the manner herein above provided." *Held*, that whilst a mere collateral agreement to refer to arbitration all differences arising upon a policy is not binding, and does not preclude a suit without such reference, it is not unlawful for parties to agree that no action shall be sustainable at law or equity until arbitration shall have determined what amount is due, and that in such a case a reference and ascertainment of the amount due are conditions precedent to the right of bringing an action.

[Cited in brief in Schollenberger v. Phœnix Ins. Co., Case No. 12,476.]

2. No suit could be sustained against the objection of the company until after an award had been made, although neither party had, previous to the suit, requested arbitration.

NIXON, District Judge. This is a motion to strike out the last plea filed by the defendants in the above-stated case. In reply to the suggestion, so strongly urged by the counsel of the defendants, that the question involved was of too great importance to be summarily disposed of on a motion to strike out, and that the defendants ought to have

the benefit of solemn argument on demurrer, it is only necessary to observe that the remediless consequences which formerly followed the exercise of the power of striking out pleadings on motion, and which made courts so reluctant to act, do not now result from such action. Section 132 of the Practice Act of New Jersey (Rev. St. 624), which authorizes the court, or a judge, in vacation, on four days' notice, "to strike out any pleading, that is irregular or defective, or is so framed as to prejudice, embarrass, or delay a fair trial on action," contains the additional provision that "the order striking out such pleadings shall be entered on the record, if required by the party against whom the same is made, and error may be assigned thereon." This provision is made applicable to the courts of the United States, by the express terms of section 914 of the Revised Statutes of the United States, and it saves to the defendants all the rights which they would have on demurrer.

The counsel for the plaintiff maintains that the plea is bad—(1) for want of proper averments; (2) because it seeks to set up an illegal defense. The plea is actio non, etc., because the defendants say that in the policy of insurance it is stipulated and agreed that in case difference should arise touching any loss or damage, after proof thereon should have been received in due form, "the matter might, at the written request of either party, be submitted to impartial arbitrators, whose award in writing should be binding on the parties to the amount of such loss or damage;" and it was further, in and by said policy of insurance, expressly provided and mutually agreed "that no suit or action against the defendants, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until an award shall have been obtained from the said arbitrators, fixing the amount of such claim in the manner provided by the said condition hereinbefore set forth, and in said policy contained." And defendants say that differences did arise touching the loss or damage sustained by the said plaintiff, after proof of such loss had been received in due form by these defendants; and that the matter was not, at the written request of either party, submitted to impartial arbitrators, and no award has ever been obtained, fixing the amount of said plaintiff's claim, in the manner provided for in the said condition; and that said action was commenced by the said plaintiff against these defendants before an award was obtained, fixing the amount of said plaintiff's claim by the said arbitrators, in the manner provided in the said condition, etc., concluding a verification.

It will be observed that the plea sets up, in substance, two certain conditions in the policy, subject to which the policy was issued to the plaintiff. One of these is the following paragraph in the ninth condition: "In case differences shall arise touching any loss or

---

[1] [Reprinted by permission.]

damage, after proof thereon has been received in due form, the matter may, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties to the amount of such loss or damage, but shall not decide the liability of the company under this policy." The other is on the thirteenth condition: "It is furthermore hereby provided and mutually agreed that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery, until an award shall have been obtained fixing the amount of such claim, in the manner hereinabove provided." There is no question but that these conditions are a part of the contract between the parties. The controversy turns upon their interpretation, and whether they are enforceable.

The counsel for the plaintiff insists that the adjustment of differences by arbitration is only to be observed upon the written request of one party or the other; and, when no such request is made, it is presumed to have been waived; and, further, that all agreements between parties to refer the settlement of their disputes to arbitrators are void, for the reason that persons are not permitted to contract to oust the courts of their ordinary jurisdiction.

The counsel for the defendants, on the other hand, claim that their method of settlement is compulsory upon the respective parties as a preliminary step, and that no suit is sustainable by either party against the other until after an award has been made. It is conceded that the plea is bad if the effect of these clauses in the policy on which it is founded, is to prevent the party suffering loss from going into the courts for redress. They are so jealous of their jurisdiction that they do not allow parties to oust it by agreement. Although there was a long struggle against the doctrine in the courts of Westminster Hall, it has now become so well established that no attempt is made there, or in the courts of this country, to set up a contrary doctrine. Huger. Ins. 351; Ang. Ins. § 354; Fland. Ins. 632; Thompson v. Charnock, 8 Term R. 139; Mitchell v. Harris, 2 Ves. Jr. 136; Scott v. Avery, 20 Eng. Law & Eq. 327; s. c. on appeal, 36 Eng. Law & Eq. 1; Roper v. Lendon, 128 E. C. L. 825; Hagert v. Mun., 40 R. 515; Snodgrass v. Gavit, 28 Pa. St. 224. But in my judgment such is not the effect of these clauses. The differences arising between the parties to the contract touching only the amount of loss or damage is to be referred, and not the liability of the company on the policy; and the agreement is that no suit shall be instituted until the amount has been fixed by the judgment of arbitrators mutually chosen. There is no restriction after that preliminary step has been taken. It is in the nature of a condition precedent, and there is a large class of cases which determine that, where the contract is so framed as to make

the reference of differences a condition precedent to the right of bringing a suit, the declaration must allege a reference, or give excuse for the want of it. Smith v. Railway Co., 36 N. H. 458; Worsley v. Wood, 6 Term R. 710; Milner v. Field, 1 Eng. Law & Eq. 531; Grafton v. Railway Co., 22 Eng. Law & Eq. 557; Davies v. Mayor, etc., 20 Eng. Law & Eq. 529; Adams v. Willoughby, 6 Johns. 67; U. S. v. Robeson, 9 Pet. [34 U. S.] 319; Scott v. Avery, 36 Eng. Law & Eq. 1. This last case was an appeal to the house of lords from the decision of the court of exchequer chamber, and the matter was examined and discussed with great learning and care. Mr. Justice Coleridge, who had delivered the opinion of the court of exchequer chamber reversing the court of exchequer, in giving his reasons to the lords for sustaining the last decision, said: "If two parties enter into a contract, for the breach of which, in any particular, an action lies, they cannot make it a binding term that in such event no action shall be maintainable, but that the only remedy shall be by reference to arbitration. Whether this rest on a satisfactory principle or not may well be questioned, but it has been so long settled that it cannot be disturbed. The courts will not enforce or sanction an agreement which deprives a subject of that recourse to their jurisdiction which has been considered a right inalienable even by the concurrent will of the parties. But nothing prevents parties from ascertaining and constituting, as they please, the cause of action, which is to become the subject-matter of decision by the courts. Covenanting parties may agree that, in case of an illegal breach, the damages to be recovered shall be a sum fixed or a sum to be ascertained by A. B., or by arbitrators to be chosen in such a manner, and, until this be done, or the nonfeasance be satisfactorily accounted for, that no action shall be maintainable for the breach.'"

This position had not been questioned in the argument before the house, nor was it, I think, in the court below.

To the same effect was the opinion of Lord Chancellor Cranforth. The only material plea, he said, "was the fifth, setting forth one of the rules of the association, which was, that if any difference should arise among the members, the member so dissatisfied should select an arbitrator, and, if the committee were not satisfied with the person appointed, they should select another arbitrator, and these two select a third, who were to determine the matters in dispute and the sum to be awarded, and that no action should be brought until such arbitration had taken place. The court of exchequer decided that the plea was bad, and no answer to the action. That decision was reversed by the court of exchequer chamber, and the latter judgment was never brought before your lordships' house. It appears to me merely a matter as to the construction to be put upon

the policy itself, for there was no doubt that persons could not by contract oust the court of its ordinary jurisdiction. That point has been decided in many cases, but there was no principle of law which prevented parties from entering into any contract that no right of action should accrue until after a reference had been made to an arbitrator. If I covenant with A. not to do a particular act, and it is agreed between us that any question which might arise should be decided by an arbitrator, without bringing an action, then a plea to that effect would be no bar to an action; but if we agreed that J. S. was to award the amount of damages to be recoverable at law, then, if such arbitration did not take place, no action could be brought."

Adams v. Willoughby, supra, was a suit brought inter alia for unliquidated demands and accounts, and there was a general demurrer to the declaration. It appears that there was a contract between the parties that all unliquidated demands and accounts should be referred to three arbitrators, to be liquidated and ascertained, and the defendant was to pay such sum as they should adjudge to be due. The court sustained the declaration so far as it relates to one sum of $102, which the plaintiff alleged was due to him in a supplement made with the defendant; but in regard to the claim for the unliquidated accounts it said that, "as no reference had been made to arbitrators to liquidate and ascertain the amount due, nor any effort on the part of the plaintiff to procure it,—for none is shown or averred,—the plaintiff is not entitled to his action for any such demand."

In U. S. v. Robeson, supra, the supreme court sanctioned the same principle. Mr. Justice McLean, in delivering the opinion of the court, said: "Where the parties in their contract fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He cannot compel the payment of the amount claimed unless he shall procure the kind of evidence required by the contract, or show that, by time or accident, he is unable to do so; and, as this was not done by the defendant in the district court, no evidence to prove the service other than the certificates should have been admitted by the court."

I think it clear from these cases that, whilst a mere collateral agreement to refer to arbitration all differences arising upon a policy of insurance is not binding and does not preclude a suit without such reference, it is not unlawful for parties to agree that no action shall be sustainable either at law

or equity, until arbitration shall have determined what amount is due, and that, in such a case, a reference and ascertainment of the amount are conditions precedent to the right of bringing an action.

The motion to strike out must therefore be refused.